**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4789

ALAIN DJELILATE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-98-128-PJM)

Submitted: August 17, 1999

Decided: September 3, 1999

Before HAMILTON and WILLIAMS, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Federal Public Defender, Beth Farber, Chief Assistant
Federal Public Defender, Baltimore, Maryland, for Appellant. Lynne
A. Battaglia, United States Attorney, Sandra Wilkinson, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alain D. Djelilate appeals his convictions for child pornography and counterfeiting. Djelilate pled guilty to these charges and reserved the right to appeal denial of his motion to suppress evidence obtained in a search of his home. Finding no error, we affirm.

As part of an undercover operation, the United States Customs Service established an Internet website that offered child pornography for sale. An e-mail message, under a screen name traced to Djelilate, was received by the Government at this website requesting that a customer interest questionnaire be sent to "Alain Delila" at Djelilate's Maryland address. After receiving the completed questionnaire listing Djelilate's preferences in child pornography, the Government mailed a catalogue. On January 3, 1998, the Government received an order from "Alain Delila" for two videocassettes listed in the catalogue, "Randy Boys" and "Young Boys."

The Government then obtained an anticipatory search warrant for Djelilate's residence. The affidavit in support of the warrant, which was prepared by a Customs Service investigator, contained extensive "profile information" that was based on the "affiant's knowledge, training, experience, as well as the training and experience of other law enforcement personnel and experts from whom your affiant has received training . . . ." The affidavit, for instance, averred that child pornographers have a tendency to collect and secret pornographic materials on computer disks and hard drives. Another characteristic noted in the affidavit is the tendency of persons receiving child pornographic material over the Internet to correspond with others with similar interests and to share, buy and sell pornographic materials. The warrant authorized an expansive search of Djelilate's residence for the videocassettes ordered from the catalogue as well as "[a]ny and all originals and all copies and all prints, videos, videotapes, photo-

2

graphs, negatives, and computer data which may contain images of visual depictions of minors engaged in sexually explicit conduct . . . ." (J.A. 29).

The warrant was executed shortly after the controlled delivery of the package containing one of the tapes ordered by Djelilate. The search uncovered the tape as well as CD-ROMs containing hundreds of images of child pornography. Djelilate was charged with one count of possession of child pornography and one count of counterfeiting, in violation of, respectively, 18 U.S.C. § 2252(a)(4) and 18 U.S.C. § 471. The district court denied Djelilate's motion to suppress the fruits of the search of his residence, and he pled guilty to both counts while reserving the right to appeal the suppression ruling. He was sentenced to thirty months' imprisonment.

On appeal, Djelilate argues that the affidavit's omission of a material fact vitiated the search warrant's legality. Under Franks v. Delaware, 438 U.S. 154 (1978), a warrant may be voided and the fruits of the search suppressed in some limited circumstances in which the underlying affidavit contains material falsehoods. Prior to even obtaining a hearing on the matter, however, a defendant must make a preliminary showing that the false statement was made knowingly or with reckless disregard for the truth and that "the false information [was] essential to the probable cause determination." United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990).

The affidavit for the warrant alleged that "an order for two child pornography tapes was received from Djelilate." (J.A. 15). However, the affidavit did not note that the envelope containing the order for the two tapes bore a postmark from the State of Washington. Djelilate, who resides in Maryland, contended that the postmark should have been disclosed to the magistrate judge because it tended to show that the purchase order did not originate with him. In denying the request for a Franks hearing, the court determined the postmark was not a material matter because there was sufficient evidence connecting Djelilate to the order.

When allegedly false information is included in an affidavit, the materiality question is whether, "when material that is the subject of the alleged falsity or reckless disregard is set to one side, there

3

remains sufficient content in the warrant affidavit to support a finding of probable cause." Franks, 438 U.S. at 71-72. Omissions of material from an affidavit may also be subjected to a Franks inquiry, although there is a somewhat different standard of materiality:

> [T]o be material under Franks, an omission must do more than potentially affect the probable cause determination: it must be necessary to the finding of probable cause. For an omission to serve as the basis for a hearing under Franks, it must be such that its inclusion in the affidavit would defeat probable cause for arrest. Omitted information that is potentially relevant but not dispositive is not enough to warrant a Franks hearing.

Colkley, 899 F.2d at 301 (internal quotation and citations omitted). We examine the information in the affidavit together with the omitted information to determine whether there would have been probable cause to believe the tape had been ordered by Djelilate. See id. at 300-01.

Although the postmark may have been relevant to the issue of the order's origin, other factors support a conclusion that Djelilate placed the order. Djelilate initially contacted the pornographic website; he requested, received and filled out a questionnaire, and he asked for a catalogue to be sent to his Maryland residence under the name "Alain Delila." A few months later, an order from that catalogue was received, under the same name, "Delila," that requested that the tapes be mailed to the same Maryland residence. We agree with the district court that disclosure of the postmark would not have defeated the finding of probable cause.

Djelilate's second argument is that the affidavit's "profile information" provided an insufficient basis for probable cause to permit the police to search for anything except the tape ordered from the Government. Djelilate relies on United States v. Weber, 923 F.2d 1338 (9th Cir. 1991), which also involved an anticipatory warrant and a controlled delivery of pornographic material. In Weber, the Ninth Circuit held that information about the proclivities of "child pornographers," in the absence of any evidence that the focus of the search had done anything other than place a single order for pornographic mate-

4

rial, was insufficient to establish probable cause that other pornographic material would be found. Djelilate argues that the affidavit similarly failed to establish probable cause to believe that he had any pornography in his house other than the tape sent by the Government.

The use of profiles in conjunction with other evidence is permissible to establish probable cause. See United States v. Aguiar, 825 F.2d 39, 40-41 (4th Cir. 1987) (approving use of drug courier profile in warrant application). Djelilate argues that except for the single order for the tapes, the Government failed to demonstrate probable cause that he belonged to any of the categories profiled in the affidavit. Djelilate contends that nothing in the affidavit would indicate that the order he placed with the undercover website was anything other than an isolated occurrence.

We review the factual findings underlying the district court's legal conclusions in regard to a motion to suppress under the clearly erroneous standard and the court's legal conclusions de novo. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). In assessing a search warrant application for probable cause, the magistrate judge is to "make a practical, common sense decision whether, given all the circumstances set forth in the warrant affidavit, . . . there is a fair probability that contraband or evidence of crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). We then assess on appeal whether the magistrate judge had a "substantial basis" for finding probable cause. Id. at 239.

We conclude that there was a substantial basis for the magistrate judge's finding of probable cause. Unlike the situation in Weber, there are other factors in this case beyond a single order supporting probable cause to believe Djelilate would have other pornographic materials in his home. Djelilate contacted the undercover pornography website only a week or so after it commenced operation, sought a questionnaire, and answered it frankly, indicating preferences for pornography portraying young boys. One of his Internet personal profiles listed his age as eleven, presumably to facilitate communication with others that age. We find there was a substantial basis for finding probable cause that the tapes that were the subject of the controlled delivery would not be the only pornographic material in Djelilate's home and thus the district court properly denied his motion to suppress. We

5

therefore affirm Djelilate's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6